IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. DOBSON,

      Plaintiff,                              No. 2:09-cv-01460-KJN

      v.

MICHAEL C. ASTRUE,
Commissioner of Social Security,

      Defendant.                           ORDER

         Plaintiff, who is represented by counsel, filed his complaint and application to proceed in this action in forma pauperis on May 27, 2009.  (Dkt. Nos. 1, 3.)  On June 17, 2009, this court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 4) and issued a scheduling order setting forth, among other things, a deadline by which defendant was required to file the administrative transcript and an answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required to file a motion for summary judgment and/or remand.  (Dkt. No. 5.)  The scheduling order provides, in part: "FAILURE TO COMPLY WITH ANY PORTION OF THIS SCHEDULE MAY RESULT IN SANCTIONS, INCLUDING STRIKING A MOTION FROM CALENDAR, OR STRIKING THE COMPLAINT OR ANSWER."  (Dkt. No. 5 at 2.)

         On February 25, 2010, defendant lodged the administrative transcript with the

1

court and filed an answer to plaintiff's complaint. (Dkt. Nos. 15-17.)

On April 6, 2010, the parties filed a stipulation and proposed order seeking an order extending the date by which plaintiff would be required to file a motion for summary judgment to May 17, 2010. (Dkt. No. 19.) On April 7, 2010, the court approved the parties' stipulation and granted the requested extension on the basis that the parties were engaged in settlement discussions. (Dkt. No. 20.)

Plaintiff did not file his motion for summary judgment on or before May 17, 2010. On May 25, 2010, the court entered an order to show cause why plaintiff's case should not be dismissed for failure to prosecute. (Dkt. No. 21.) The parties then filed a stipulation and proposed order seeking another extension of time for plaintiff to file his motion; the parties represented that they were conducting settlement discussions. (Dkt. No. 22.) The court approved the stipulation, and plaintiff's motion for summary judgment was due on July 15, 2010. (Dkt. No. 23.) Plaintiff failed to timely file a motion for summary judgment or seek another extension of time. On July 20, 2010, the court ordered plaintiff to show cause ("OSC"), on or before August 5, 2010, why this case should not be dismissed for lack of prosecution. (Dkt. No. 24.)

On August 8, 2010, plaintiff filed an untimely response to the OSC. Plaintiff requests that the undersigned consider his reply because a typographical error in the electronic notice of the docket entry related to the second OSC indicated that plaintiff's response was due on August 25, 2010, not August 5, 2010. As an initial matter, plaintiff's counsel is reminded that the *order* is the operative document, not the electronic notice. As counsel intimates, he should have read the actual text of the order entered by the court, not just the notice. In any event, the undersigned will consider plaintiff's response.

In his response, plaintiff requests leave to file a motion for remand under sentence six of 42 U.S.C. § 405(g) because plaintiff has received a fully favorable decision from the agency on a subsequent benefits claim, and because purportedly new and material evidence exists

that suggests that the administrative record in the present matter is incomplete.[1]  The sixth sentence of Section 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

      The undersigned will grant plaintiff leave to file a noticed motion for remand within 30 days of the date of this order.  No extensions of time will be granted absent extraordinary circumstances.  Because the undersigned has some concerns regarding whether a claimant may file a motion for remand pursuant to the plain language of sentence six of Section 405(g),[2] plaintiff's motion shall address whether a claimant may file a motion for remand pursuant to sentence six.  Notwithstanding the grant of leave to file a motion for remand, the undersigned hopes that the parties will continue their settlement discussions, which, if fruitful, might save the parties further time and expense related to this matter.

---

[1] Alternatively, plaintiff requests leave to amend his complaint.  The undersigned will consider plaintiff's request for leave to amend after resolution of any motion for remand.

[2] Compare Coleman v. Barnhart, No. C 03-0089 SI, 2003 WL 22722816, at *4 (N.D. Cal. Nov. 12, 2003) (unpublished) (stating that "only the Defendant Commissioner can move for such a remand"), with Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) ("Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.").

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The OSC entered July 20, 2010, is discharged.

2. Plaintiff is granted leave to file a noticed motion for remand, as discussed above, within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: August 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE