IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. DOBSON,

Plaintiff, No. 2:09-cv-01460 KJN

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant. ORDER

_________________________________/

Presently before the court is plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g).[1] For the reasons that follow, the undersigned will grant plaintiff's motion and remand this matter to the Commissioner of Social Security ("Commissioner") for further administrative proceedings.

I. BACKGROUND

A. Plaintiff's Unsuccessful First Application for Benefits

On June 12, 2006, plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act ("Act") and Supplemental Security Income under Title

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 9, 10, 13.) This case was reassigned to the undersigned by an order entered February 9, 2010. (Dkt. No. 14.)

XVI of the Act, alleging a disability onset date August 1, 2005. (See Admin. Tr. ("AT") 72-80.) Plaintiff's claim of disability is based on his condition of type 1 diabetes mellitus, with complications of peripheral neuropathy and peripheral retinopathy.[2]

The Social Security Administration denied plaintiff's application initially and upon reconsideration. (See AT 52-66.) Plaintiff filed a timely request for a hearing, and, on April 7, 2008, an Administrative Law Judge ("ALJ") conducted a hearing on plaintiff's claims. (AT 29-51, 68.) Plaintiff, who was represented by counsel at the hearing, was the only person who testified at the hearing.

In a decision dated May 22, 2008, the ALJ denied plaintiff's application, finding that plaintiff was not disabled because plaintiff could perform jobs that exist in significant numbers in the national economy.[3] (See AT 9-21.) In conducting the appropriate sequential

---

[2] Diabetic neuropathy "is the result of nerve ischemia from microvascular disease, direct effects of hyperglycemia on neurons, and intracellular metabolic changes that impair nerve function." See Mark H. Beers, M.D., et al., eds., The Merck Manual of Diagnosis and Therapy 1277 (Merck Research Labs., 18th ed. 2006) (hereinafter, "Merck Manual"). This complication of diabetes can lead to, among other things, pain in the extremities and limb-threatening infection. See id. at 1277-78. The Merck Manual states that "[d]iabetic retinopathy includes microaneurysms, hemorrhages, exudates, and macular edema occurring with diabetes of at least several years' duration." Merck Manual at 918; see also id. at 1277. It further states that "[d]iabetic retinopathy is a major cause of blindness and tends to be particularly severe in type 1 diabetes." Id. at 918.

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq. Generally speaking, Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Under both benefit schemes, the term "disability" is defined, in part, as an "inability to engage in any substantial gainful activity" due to "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-1576, 416.920, 416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The Ninth Circuit Court of Appeals has summarized the sequential evaluation as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

analysis, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since August 1, 2005, the alleged date of onset. (AT 16.) At step two, the ALJ concluded that plaintiff had the following "severe" impairments: "diabetes mellitus type I with diabetic peripheral neuropathy and diabetic retinopathy." (AT 16.) At step three, he determined that plaintiff's impairments, whether alone or in combination, did not meet or medically equal any impairment listed in the applicable regulations. (AT 16.) After assessing plaintiff's residual functional capacity ("RFC"), the ALJ found at step four that plaintiff's RFC precluded him from performing any past work as a construction worker. (AT 19.) At step five, however, the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AT 20.) Accordingly, the ALJ found that plaintiff was not disabled.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. (AT 1-3.) Plaintiff subsequently filed this action.

B. Plaintiff's Subsequent, Successful Applications for Benefits

On August 11, 2010, the undersigned granted plaintiff's request for leave to file a motion for an order remanding this matter to the Commissioner pursuant to 42 U.S.C. § 405(g),

---

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

sentence six. (Dkt. No. 28.) Neither party had yet filed a motion for summary judgment. Plaintiff filed a motion for remand, and the Commissioner filed a response. (Dkt. Nos. 29, 30.)

Plaintiff's motion for remand is based on a subsequent, favorable decision by the agency, which granted plaintiff disability benefits. On July 1, 2008, and July 23, 2008, plaintiff filed subsequent applications for Title II and Title XVI benefits, respectively. On February 19, 2010, the ALJ issued a notice of a "fully favorable" decision with respect to these subsequent applications. (Ragnes Decl., Ex. B, Dkt. No. 25.) That notice states, in part:

> I announced the basis for my decision at the hearing held on February 12, 2010. I adopt here those findings of fact and reasons.
>
> To summarize briefly, I found you disabled *as of May 23, 2008* because the symptoms of your brittle diabetes mellitus type I with retinopathy and neuropathy and severe bilateral lower extremity arterial disease and amputation of the left leg below the knee are so severe that your impairment meets the requirements of one of the impairments listed in the Listing of Impairments.

(Id. (emphasis added).) Plaintiff has not submitted a hearing transcript with respect to the favorable decision, and nothing presently before the court suggests why the ALJ chose May 23, 2008 as the disability onset date. Plaintiff represents in his motion that the favorable decision based, in part, on plaintiff's "series of amputations commencing about March 20, 2009 with his toe and culminating in a below the knee amputation on April 15, 2009 . . . and that [plaintiff] was virtually legally blind in [*sic*] February 17, 2009." (Pl.'s Mot. for Remand at 3.) The Commissioner represents that "the ALJ generously chose the earliest possible date for a finding of disability." (Opp'n to Pl.'s Mot. for Remand at 5.)

As discussed below, plaintiff seeks a "sentence six" remand on the grounds that the subsequent, favorable decision constitutes new and material evidence that bears directly on the determination of the disability onset date. In essence, he requests a remand so that the agency can reconcile the ALJ's finding on "not disabled" made on May 22, 2008, with the ALJ's subsequent finding that plaintiff was disabled as of May 23, 2008, the day after the initial unfavorable decision. The Commissioner opposes any such remand.

II. DISCUSSION

The sixth sentence of Section 405(g) provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g); see also Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) ("Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."). The Ninth Circuit Court of Appeals recently affirmed that "[n]ew evidence is material when it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" Luna v. Astrue, slip op., No. 08-16852, --- F.3d ---, 2010 WL 3981384, at *2 (9th Cir. Oct. 12, 2010) (last three alterations in original, internal quotation marks omitted) (quoting Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)).

The Court of Appeals's decision in Luna is instructive notwithstanding the fact that it dealt with the nature of an agreed upon remand, not whether to remand in the first place. There, Luna filed an initial application for social security benefits, and her application was denied. Luna, 2010 WL 3981384, at *1. While her first application was pending on appeal, Luna filed a second application for benefits, and the Commissioner granted that application. Id. With respect to the second application, the Commissioner found Luna to be *disabled as of the day after Luna was initially found not to be disabled*. Id. (emphasis added). The Court of Appeals noted that Luna had not provided any further information about the successful decision other than the notice of the favorable decision. Id. In the district court, the parties had agreed that a remand was warranted, but they disagreed whether the remand should be for payment of

////

benefits or further administrative proceedings.[4] Id. The Court of Appeals related that "[t]he district court held that the finding of disability based on Luna's second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time Luna was found not disabled based on the first application. " Id. at *2. Accordingly, the district court "remanded for further administrative proceedings to reconsider whether Luna was actually disabled during the period of time relevant to her first application." Id. at *1. Luna appealed the district court's decision.

In affirming the district court's order remanding Luna's case for further proceedings, the Ninth Circuit Court of Appeals addressed the district court's conclusion that the finding of disability based on Luna's second application was new and material evidence that warranted remand because "it commenced at or near the time Luna was found not disabled based on the first application." Id. at *2. Agreeing with the district court's determination, the Court of Appeals stated: "The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." Id. (citing Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984)). In counseling that remand for further proceedings was an appropriate remedy, the court also focused on the uncertainty that arose from the fact that there was only one day between the denial of Luna's first application and the disability onset date assigned in the subsequent agency proceedings. Id.

In light of the guidance offered in Luna, the undersigned concludes that remand is warranted here. Here, as in Luna, plaintiff's first application for benefits was denied, his subsequent applications were granted, and he was found to be disabled as of the day after the initial denial of benefits. As approved in Luna, the undersigned finds that plaintiff's subsequent,

---

[4] Here, plaintiff sought a voluntary remand from the Commissioner, but the Commissioner did not agree to such a remand.

favorable benefits decision constitutes new and material evidence supporting remand. The undersigned also finds that good cause supports plaintiff's failure to incorporate the new evidence into the prior administrative record because the new evidence did not exist at the time of the initial disability determination and the Commissioner would suffer no prejudice from a remand. See Burton v. Heckler, 724 F.2d 1415, 1417-18 (9th Cir. 1984) (stating that good cause may be found where the agency would suffer no prejudice and holding that "the fact that the evidence did not exist at the time of the ALJ's decision establishes good cause for Burton's failure to introduce it before the ALJ").

The undersigned acknowledges that the Commissioner may well-determine on remand that plaintiff's condition substantially worsened after the initial denial of benefits and that, as a result, the denial of the first application and the subsequent grant of benefits are entirely consistent because the new evidence relates to a wholly different time period than pertained to plaintiff's first application. See Bruton, 268 F.3d at 827 (holding that the district court did not err by denying request for remand where the plaintiff's second application "involved different medical evidence, a different time period, and a different age classification"). Indeed, plaintiff's representations and the records submitted to the court suggest that plaintiff's diabetes mellitus and related complications might have significantly worsened in early 2009, which was several months after the ALJ's initial disability determination made on May 22, 2008. However, the disability onset date of May 23, 2008, which was one day after the initial disability determination, gives rise to uncertainty regarding whether plaintiff might have been disabled as of, or prior to, the date of the initial unfavorable disability determination. The record before the court does not indicate why the ALJ assigned an onset date that was one day after the initial denial, despite the Commissioner's supposition that the ALJ was simply being generous in selecting the onset date. Thus, the two decisions are not as easily reconcilable as the Commissioner contends. On this basis, and without more in the record, the undersigned will remand this matter pursuant to sentence six of 42 U.S.C. § 405(g).

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a remand pursuant to sentence six of 42 U.S.C. § 405(g) is granted; and

2. This matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence six, for further proceedings to determine whether plaintiff was disabled on or before May 22, 2008.

IT IS SO ORDERED.

DATED: November 4, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE