IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. DOBSON,

        Plaintiff,                    No. 2:09-cv-01460 KJN

       v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.              <u>ORDER</u>

        On November 5, 2010, the court granted plaintiff's motion to remand this case to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g), for further proceedings to determine whether, in light of new and material evidence, plaintiff was disabled on or before May 22, 2008. (Order, Nov. 5, 2010, at 8, Dkt. No. 31.) The court did not enter a final judgment at that time. See <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 100 (1991) (stating that "[u]nder sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision" if the claimant shows good cause for not presenting the evidence earlier); see also <u>Shalala v. Schaefer</u>, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six

1

remand.").

On April 16, 2012, plaintiff filed a "Request for Entry of Judgment" that represents that the Commissioner of Social Security issued a "fully favorable" decision on June 21, 2011, finding plaintiff disabled since August 1, 2005. (Req. for Entry of J. at 1 & Ex. 1.) Plaintiff requests that the court: (1) receive and take judicial notice of the fully favorable award; and (2) enter judgment in plaintiff's favor on the basis of the fully favorable award. (Id. at 1.)

First, the court takes judicial notice of the Commissioner's fully favorable decision dated June 21, 2011, and filed with plaintiff's request as Exhibit 1 (Dkt. No. 32, Doc. No. 32-1). The court may, and does, take judicial notice of the Administrative Law Judge's ("ALJ") order, which is an agency order. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997).

Second, the court directs the Clerk of Court to enter final judgment in favor of plaintiff consistent with 42 U.S.C. § 405(g), and to close this case. Notwithstanding the closure of this case, the court requires the Commissioner to file a brief writing explaining why the Commissioner did not file the ALJ's June 21, 2011 post-remand decision with the court, as required by 42 U.S.C. § 405(g). See 42 U.S.C. § 405(g), sentence six (providing that "the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, *and shall file with the court any such additional and modified findings of fact and decision*.") (emphasis added); see also Melkonyan, 501 U.S. at 102 (noting that where the district court remands a case under sentence six, "the Secretary must return to District Court, at which time the court will enter a final judgment"). Here, plaintiff, not the Commissioner, filed the ALJ's post-remand decision with the court. The court is curious why the Commissioner took no action after issuance of the June 21, 2011 decision, and has not responded to plaintiff's request for entry of judgment.

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.    The Clerk of Court is directed to enter final judgment in favor of plaintiff pursuant to sentence six of 42 U.S.C. § 405(g), and to close this case.

      2.    On or before August 1, 2012, the Commissioner shall file a brief writing with the court that explains why he did not file the ALJ's fully favorable post-remand decision with the court, as required by 42 U.S.C. § 405(g).

      IT IS SO ORDERED.

DATED: June 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE