IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. DOBSON,

      Plaintiff,

No. 2:09-cv-01460 KJN

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

ORDER

_____/

Presently pending before the court is plaintiff's motion for fees and costs, originally filed on September 25, 2012, and noticed for hearing on November 15, 2012. (Dkt. No. 36.)[1] On October 23, 2012, the Commissioner filed an opposition to plaintiff's motion and a request that the matter be submitted on the briefing. (Dkt. No. 37.) Subsequently, on October 25, 2012, after having reviewed the papers submitted, the court determined that oral argument would not be of material assistance in resolving the motion and vacated the November 15, 2012 hearing. (Dkt. No. 38.) The court provided plaintiff with an opportunity to file a reply brief no later than November 8, 2012, after which the motion was to be submitted on the record. (Id.)

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 9, 10, 13.)

1

Plaintiff did not file a reply brief.

After considering the parties' briefing and appropriate portions of the record, and for the reasons discussed below, the court denies plaintiff's motion for fees and costs.

BACKGROUND

In June 2006, plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), alleging a disability onset date of August 1, 2005. (See Administrative Transcript ["AT"] 72-80.) Plaintiff's claim of disability was based on his condition of type 1 diabetes mellitus, with complications of peripheral neuropathy and peripheral retinopathy. On May 22, 2008, Administrative Law Judge ("ALJ") Mark C. Ramsey issued a decision (the "First Decision") finding that plaintiff was not disabled from August 1, 2005, through May 22, 2008. (AT 12-21.) When that administrative decision became final, plaintiff commenced this action for judicial review.

In the meantime, plaintiff also filed new applications for DIB and SSI in July 2008. (Dkt. No. 25-2 at 1.) On February 19, 2010, another ALJ issued a notice of a fully favorable decision (the "Second Decision") finding plaintiff to be disabled as of May 23, 2008 (the day after the date of the First Decision). (Id.) That notice stated, in part:

> I announced the basis for my decision at the hearing held on February 12, 2010. I adopt here those findings of fact and reasons.
>
> To summarize briefly, I found you disabled as of May 23, 2008 because the symptoms of your brittle diabetes mellitus type I with retinopathy and neuropathy and severe bilateral lower extremity arterial disease and amputation of the left leg below the knee are so severe that your impairment meets the requirements of one of the impairments listed in the Listing of Impairments.

(Id.)

Thereafter, on August 8, 2010, plaintiff filed a declaration in the instant action, which attached exhibits consisting of the Second Decision and the more recent medical evidence that supported his July 2008 applications. (See Declaration of Andrew P. Ragnes, Dkt. No. 25.)

2

1  The "new and material exhibits," which had been presented to the ALJ who authored the Second
2  Decision, consisted of a December 22, 2008 eye exam; an April 17, 2009 eye exam; medical
3  records dated between April 8 and April 23, 2009; and a state agency physician case analysis
4  dated February 23, 2009.  (Dkt. No. 25, ¶ 8, Exs. C-F.)

5       On August 24, 2010, plaintiff filed a motion to remand the action under sentence
6  six of 42 U.S.C. § 405(g) to consider the more recent evidence and to reconcile an alleged
7  inconsistency between the First and Second Decisions; in particular, the Second Decision's
8  finding that plaintiff was disabled as of the day after the date of the First Decision finding
9  plaintiff not disabled.  (Dkt. No. 29.)  The Commissioner filed an opposition to that motion.
10 (Dkt. No. 30.)  On November 5, 2010, the court granted plaintiff's motion for a remand pursuant
11 to sentence six of 42 U.S.C. § 405(g).  (Dkt. No. 31.)  Following remand, on June 21, 2011, ALJ
12 Mary M. French ultimately issued a fully favorable decision finding that plaintiff had been
13 disabled as of August 1, 2005.  (See Dkt. No. 32-1.)  Thereafter, on June 29, 2012, consistent
14 with the fully favorable decision, this court entered judgment for plaintiff.  (Dkt. Nos. 33, 34.)
15 Plaintiff's instant motion for fees and costs followed.

16 DISCUSSION

17      Liberally construed, plaintiff's motion requests fees and costs under both the
18 Equal Access to Justice Act ("EAJA") and under 42 U.S.C. § 406(b).  Each statutory basis for
19 fees and costs is addressed separately.

20      <u>Attorneys' Fees and Costs Under the EAJA</u>

21      The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

3

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand under sentence six of 42 U.S.C. § 405(g) and thereafter received a fully favorable decision awarding him benefits as of his initial alleged disability onset date. Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2] Thus, plaintiff is entitled to an award of fees under the EAJA, unless the court finds that the position of the Commissioner was substantially justified. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on June 29, 2012. (Dkt. No. 34.) The judgment became a non-appealable "final judgment" 60 days later on August 28, 2012. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file his application for EAJA fees no later than 30 days after the "final judgment," i.e. by September 27, 2012. Plaintiff's September 25, 2012 application is therefore timely.

4

issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

As an initial matter, the court observes that, unlike the typical case remanded under sentence four of 42 U.S.C. § 405(g), this action was not remanded based on any particular error committed by the ALJ in the First Decision.[3] Instead, the case was remanded under sentence six of 42 U.S.C. § 405(g) to consider more recent evidence unavailable at the time of the First Decision and to reconcile an alleged inconsistency between the First and Second Decisions, which potentially suggested that an earlier disability onset date may be appropriate. (Dkt. No. 31.) Thus, for purposes of evaluating substantial justification in the context of plaintiff's pending EAJA fees request, the issue is not whether the Commissioner's unfavorable First Decision itself was correct or substantially justified. Rather, because the Commissioner opposed a remand under sentence six of 42 U.S.C. § 405(g), the relevant inquiry is whether the

---

[3] As the United States Supreme Court explained, in remanding under sentence six of 42 U.S.C. § 405(g), "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Commissioner was substantially justified in opposing such a remand.  For the reasons outlined below, and despite the fact that plaintiff was ultimately awarded benefits as of his initial alleged onset date, the court finds that the Commissioner's opposition to a sentence six remand was at least substantially justified.

As the court noted in its prior remand order, the more recent evidence submitted by plaintiff in this action plausibly suggested that plaintiff's diabetes mellitus and related complications may have significantly worsened in early 2009, which was several months after the ALJ's First Decision on May 22, 2008.  (Dkt. No. 31 at 7.)  Indeed, plaintiff's own motion for remand suggested that the fully favorable Second Decision was "based, *inter alia*, on [plaintiff's] series of amputations commencing about March 20, 2009 with his toe and culminating in a below the knee amputation on April 15, 2009 (the day after the Appeals Council's denial of review) and that [plaintiff] was virtually legally blind in February 17, 2009."  (Dkt. No. 29 at 3; see also Dkt. No. 25, ¶ 8, Exs. C-F.)  Given plausible evidence of significant worsening or aggravation of plaintiff's condition after the First Decision, the Commissioner reasonably argued that the First and Second Decisions were not necessarily inconsistent, because they related to different time periods and different evidence.  (See Dkt. No. 30.)

To be sure, the court ultimately concluded that the Second Decision's disability onset date of May 23, 2008, which was one day after the date of the unfavorable May 22, 2008 decision, "gives rise to uncertainty regarding whether plaintiff might have been disabled as of, or prior to, the date of the initial unfavorable disability determination." (Dkt. No. 31 at 7.)  This uncertainty was based in part on the fact that the ALJ who authored the Second Decision did not indicate why he or she assigned a disability onset date that was one day after the initial denial. (Id.)  It may well have been, as the Commissioner contended, that the second ALJ was simply generous in selecting the onset date.  (Dkt. No. 30 at 5-6.)  On the other hand, it was also possible that the second ALJ deemed the more recent and severe evidence to be suggestive of an earlier disability onset date, but was constrained by the prior ALJ's finding of "not disabled"

6

1   through May 22, 2008, which was still being appealed at that time.  In any event, it was a very
2   close question, which the court ultimately resolved in plaintiff's favor.  Nevertheless, the court
3   finds that the Commissioner's argument, although ultimately unavailing, was reasonable based
4   on the record evidence and the more recent evidence presented by plaintiff.

5         Moreover, the Commissioner reasonably relied on existing case law at the time
6   that the opposition to the motion to remand was filed, in particular Bruton v. Massanari, 268 F.3d
7   824 (9th Cir. 2001), and Allen v. Comm'r of Soc. Sec., 561 F.3d 646 (6th Cir. 2009), which cited
8   the Ninth Circuit's Bruton decision.  In Bruton, the Ninth Circuit affirmed the denial of a
9   sentence six remand based on a subsequent favorable determination, because the second
10  application "involved different medical evidence, a different time period, and a different age
11  classification."  Bruton, 268 F.3d at 827.  Furthermore, in Allen, which, like this case, involved
12  findings of non-disability and disability one day apart, the Sixth Circuit held that "[u]nder
13  sentence six, the mere existence of the subsequent decision in [the claimant's] favor, standing
14  alone, cannot be evidence that can change the outcome of his prior proceeding.  A subsequent
15  favorable decision may be *supported* by evidence that is new and material under § 405(g), but the
16  decision is not itself new and material evidence."  Allen, 561 F.3d at 653 (emphasis in original).
17  The Sixth Circuit reasoned that "[t]he new determination might be based on a change in the
18  claimant's condition that occurred after the initial determination or a change in the claimant's
19  circumstances, such as entering a new age classification."  Id. at 654.  Based on these authorities,
20  the Commissioner argued that the subsequent favorable Second Decision does not in itself
21  constitute new and material evidence pertinent to the First Decision, and that, as noted above,
22  plaintiff's more recent evidence indicated an aggravation of his condition and thus related to a
23  different time period.  (See Dkt. No. 30.)

24        In remanding the case, this court primarily relied on Luna v. Astrue, 623 F.3d
25  1032 (9th Cir. 2010).  In Luna, another case involving findings of non-disability and disability
26  one day apart, the Ninth Circuit held that "the finding of disability based on [the claimant's]

second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time [the claimant] was found not disabled based on the first application." Id. at 1034.  The Ninth Circuit explained that the "reasonable possibility that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." Id. at 1035 (citation and quotation omitted).  Thus, Luna suggests, contrary to Allen, that a subsequent favorable decision in itself may constitute new and material evidence, at least insofar as the onset date of the subsequent favorable decision is in immediate proximity to an earlier denial of benefits.  In Luna, the Ninth Circuit also distinguished Bruton as a "case where an initial denial and subsequent award were easily reconcilable on the record before the court." Id.

Based on the uncertainty in the record before the court in this particular case, and in light of the Ninth Circuit's further guidance in Luna, the court determined that a sentence six remand was warranted.[4]  However, because the Commissioner's opposition to plaintiff's motion to remand was filed on September 2, 2010, and the Ninth Circuit's Luna decision was not filed until October 12, 2010, the court finds that the Commissioner was substantially justified in relying on Bruton and Allen to oppose plaintiff's motion to remand.

In sum, the court concludes that the Commissioner's opposition to a sentence six remand in this case had a reasonable basis in both law and fact, and that the Commissioner's position was therefore substantially justified.  Accordingly, the court denies plaintiff's request for fees and costs under the EAJA.

////

////

---

[4] However, as the Ninth Circuit suggested, whether a sentence six remand is warranted depends on the particular record before the court.  Luna, 623 F.3d at 1035.  The result may vary based on the extent to which the unfavorable and favorable decisions, even if in close proximity to each other, can be reconciled by the record and other evidence before the court.

Attorneys' Fees under 42 U.S.C. § 406(b)

Even though plaintiff is not entitled to EAJA fees and costs, plaintiff's counsel may nonetheless potentially recover attorneys' fees from plaintiff's past-due benefits under 42 U.S.C. § 406(b). The court's scheduling order states that applications for fees pursuant to 42 U.S.C. § 406 shall include specific items/information, including a copy of the retainer agreement, a copy of any notice received from the Commissioner regarding the amount withheld for fees, and proof that the application was served on the Commissioner and the claimant. (See Dkt. No. 5 at 2.)

Although the court liberally construes plaintiff's motion as requesting fees under 42 U.S.C. § 406(b), the motion only makes a few cursory references to such fees and provides no analysis in support. Furthermore, plaintiff's motion does not attach the notice of award of past-due benefits or any fee agreement; nor does it provide proof that a copy of the request for fees under 42 U.S.C. § 406(b) was served on plaintiff. As such, the Commissioner was also unable to meaningfully respond to plaintiff's counsel's request for such fees. For these reasons, the court denies the request for fees under 42 U.S.C. § 406(b) without prejudice.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for fees and costs (dkt. no. 36) is DENIED.

2. The request for an award of fees and costs under the EAJA is DENIED.

3. The request for an award of fees under 42 U.S.C. § 406(b) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: November 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE