1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DAVID R. DOBSON,

11            Plaintiff,                    No. 2:09-cv-1460 KJN

12        vs.

13    COMMISSIONER OF SOCIAL          ORDER
      SECURITY,
14
              Defendant.
15    _____/

16            Presently pending before the court is counsel for plaintiff David R. Dobson's

17    motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on February 26, 2013.  (Dkt. No.

18    40.)[1]  Plaintiff's counsel seeks an award of $8,631.87 (25% of plaintiff's past due benefits as

19    calculated by the Commissioner of Social Security ["Commissioner"].)  On March 7, 2013, the

20    Commissioner filed an advisory response to plaintiff's counsel's motion.  (Dkt. No. 41.)  After

21    considering the parties' briefing, appropriate portions of the record, and the applicable law, the

22    court grants the motion for attorneys' fees under 42 U.S.C. § 406(b).

23    ////

24    _____

25        [1]  This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and
      both parties voluntarily consented to proceed before a United States Magistrate Judge.  (Dkt.
26    Nos. 9, 10, 13.)

BACKGROUND

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here.  (See e.g. Dkt. Nos. 31, 39.)  Briefly stated, on November 5, 2010, the court granted plaintiff's motion for a remand pursuant to sentence six of 42 U.S.C. § 405(g).  (Dkt. No. 31.)  Following remand, on June 21, 2011, an administrative law judge ultimately issued a fully favorable decision, finding that plaintiff had been disabled as of August 1, 2005, as originally alleged.  (See Dkt. No. 32-1.)  Consistent with the fully favorable decision, this court entered judgment for plaintiff on June 29, 2012.  (Dkt. Nos. 33, 34.)

Subsequently, on September 25, 2012, plaintiff's counsel filed a motion for attorneys' fees and costs under both the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b).  (Dkt. No. 36.)  On November 20, 2012, the court denied the request for fees and costs under the EAJA, finding that the Commissioner's position had been substantially justified.  (Dkt. No. 39.)  Furthermore, because plaintiff's counsel's request for fees under 42 U.S.C. § 406(b) was not adequately supported by appropriate documentation and briefing at the time, the court also denied that request, but without prejudice to plaintiff's counsel refiling a properly supported request for such fees.  (Dkt. No. 39.)

Thereafter, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b).  (Dkt. No. 40.)

DISCUSSION

42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in

2

1
2
3
        addition to, the amount of such past-due benefits.  In case of any
        such judgment, no other fee may be payable or certified for
        payment for such representation except as provided in this
        paragraph.

4   42 U.S.C. § 406(b)(1)(A).  The United States Supreme Court has held that auxiliary back

5   benefits (benefits payable to the claimant's dependents) are included in the total amount of back

6   benefits to be considered for purposes of attorneys' fees under 42 U.S.C. § 406(b).  Hopkins v.

7   Cohen, 390 U.S. 530 (1968).

8         The Commissioner typically does not act as an adversary, but instead as an adviser

9   to the court with respect to fee requests under 42 U.S.C. § 406(b).  Crawford v. Astrue, 586 F.3d

10   1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee

11   determination resembling that of a trustee for the claimants").  Indeed, in this case, while the

12   Commissioner filed an advisory response to plaintiff's counsel's motion, outlining the applicable

13   law regarding fee requests under 42 U.S.C. § 406(b), the Commissioner indicated that it neither

14   assents nor objects to the fee request, and takes no position on the reasonableness of the request.

15   (Dkt. No. 41.)  However, "[b]ecause the [Commissioner] has no direct interest in how much of

16   the award goes to counsel and how much to the disabled person, the district court has an

17   affirmative duty to assure that the reasonableness of the fee is established."  Crawford, 586 F.3d

18   at 1149.

19         In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the

20   reasonableness of the fee within the 25% cap is to be determined.  The court noted that although

21   the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of

22   fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of

23   hours reasonably expended on the case" with consideration of possible enhancements, the

24   approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535

25   U.S. 789 (2002).  Crawford, 586 F.3d at 1148.  The Ninth Circuit observed that:

26         In *Gisbrecht*, the Supreme Court flatly rejected our lodestar

approach. The court explained that we had "erroneously read §
406(b) to override customary attorney-client contingent-fee
agreements" when we approved the use of the lodestar to
determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122
S.Ct. 1817. The Court held that a district court charged with
determining a reasonable fee award under § 406(b)(1)(A) must
respect "the primacy of lawful attorney-client fee agreements," *id.*
at 793, 122 S.Ct. 1817, "looking first to the contingent-fee
agreement, then testing it for reasonableness," *id.* at 808, 122 S.Ct.
1817. The Court noted that courts that had followed this model
had "appropriately reduced the attorney's recovery based on the
character of the representation and the results the representative
achieved." *Id.* A fee resulting from a contingent-fee agreement is
unreasonable, and thus subject to reduction by the court, if the
attorney provided substandard representation or engaged in dilatory
conduct in order to increase the accrued amount of past-due
benefits, or if the "benefits are large in comparison to the amount
of time counsel spent on the case." *Id.* "[A]s an aid to the court's
assessment of the reasonableness of the fee yielded by the fee
agreement," but "not as a basis for satellite litigation," the court
may require counsel to provide a record of the hours worked and
counsel's regular hourly billing charge for noncontingent cases. *Id.*
The attorney bears the burden of establishing that the fee sought is
reasonable. *Id.* at 807, 122 S.Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must

begin, under *Gisbrecht*, with the fee agreement, and the question is whether the amount need be

reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district

court must first look to the fee agreement and then adjust downward if the attorney provided

substandard representation or delayed the case, or if the requested fee would result in a

windfall").

In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's

counsel attached two attorney-client agreements, which provided for a contingent fee of 25% of

any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (Declaration of

Andrew Ragnes, Dkt. No. 40 at 9-22 ["Ragnes Decl."] Exs. A, C.)[2]  The copies of the agreements

---

[2] The first agreement was between plaintiff and his former, now-deceased counsel, Mr.
Ian Sammis. (Ragnes Decl. ¶ 2, Ex. A.)  The second agreement was between plaintiff and his
present counsel, Mr. Robert Weems. (Ragnes Decl. ¶ 3, Ex. C.) Plaintiff's counsel also

1   provided are unsigned, and plaintiff's counsel represents that, despite conducting due diligence in

2   attempting to locate the signed versions, the signed versions have apparently been lost.  (Ragnes

3   Decl. ¶¶ 2, 3.)  While this gives the court some pause, the court accepts counsel's representation

4   as an officer of the court.  The court also notes that plaintiff's counsel served a copy of the

5   motion, along with a "Notice of Right to Object to Payment of Fees," on plaintiff and that

6   plaintiff did not file any objections to plaintiff's counsel's fee request.  (Ragnes Decl. ¶ 4; Dkt.

7   No. 40-2.)  Accordingly, the court has no reason to doubt plaintiff's counsel's representations

8   regarding the fee agreements.

9            Plaintiff's counsel also provided copies of a Notice of Award of $26,690.00 in

10  past due benefits to plaintiff and a Notice of Award of $7,837.50 in past due benefits to

11  plaintiff's child, for a total of $34,527.50.  (Dkt. No. 40-1.)  As noted above, plaintiff's counsel

12  seeks 25% of this total amount, i.e., an award of $8,631.87.

13           In light of the guidance provided in Crawford, the court finds plaintiff's counsel's

14  fee request to be reasonable.  As an initial matter, agreements providing for fees of 25% of past

15  due benefits are the "most common fee arrangement between attorneys and Social Security

16  claimants."  Crawford, 586 F.3d at 1147.  Additionally, the Commissioner does not point to, and

17  neither does the undersigned find, any indication that plaintiff's counsel performed substandard

18  work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years

19  ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and

20  continuing benefits.  Furthermore, the total amount sought ($8,631.87) does not appear to be

21  disproportionate to the amount of time plaintiff's counsel spent on the case.  In his briefing,

22  plaintiff's counsel suggests that he, Mr. Sammis, and support staff spent approximately 71.55

23  _____

24  submitted a copy of the "Purchase Agreement for the Social Security Portion of the Law Practice
    of Ian M. Sammis."  (Dkt. No. 40-3.)  The agreement calls on present counsel Mr. Weems to
25  include the work that Mr. Sammis performed on plaintiff's case prior to his death in any fee
    request to the court, and for Mr. Weems to then pay the portion of the fee attributable to Mr.
26  Sammis's work to his estate as part of the purchase price of the practice.  (See id. ¶ 7.)

                                              5

hours on the case, which equates to a rate of approximately $120 per hour ($8,631.87 divided by 71.55 equals 120.64), and which is well below his and Mr. Sammis's regular rates of $300 per hour or more. (Dkt. No. 40 at 8.)  Although plaintiff's counsel did not submit time sheets and other documentation in support of these assertions, the court finds that the fee amount requested would nonetheless be reasonable in light of the several years of litigation and the result achieved, and cannot be said to amount to a windfall to plaintiff's counsel.

For these reasons, the court awards plaintiff's counsel the requested amount of $8,631.87 in attorneys' fees under 42 U.S.C. § 406(b).  The court directs that the full amount be paid to plaintiff's present counsel, who shall then be responsible for paying an appropriate portion of such an award to the estate of Ian Sammis in accordance with their practice purchase agreement.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (dkt. no. 40) is GRANTED.

2.  The Commissioner shall pay plaintiff's counsel in this case the sum of $8,631.87 in attorneys' fees under 42 U.S.C. § 406(b).  The remainder withheld from the back benefits awardable to plaintiff, including any auxiliary back benefits, shall be disbursed to plaintiff.

IT IS SO ORDERED.

DATED:  March 15, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE