UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. DOBSON, | No. 2:09-cv-1460-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending before the court is plaintiff's counsel's motion for aid in execution of the court's prior order awarding attorneys' fees under 42 U.S.C. § 406(b) and for sanctions against the Commissioner, filed on October 28, 2013, and presently set for hearing on December 5, 2013. (ECF No. 43.)[1] Subsequently, on November 21, 2013, the Commissioner filed a timely opposition to plaintiff's counsel's motion, along with a motion for clarification of the court's prior order awarding fees, or in the alternative, for partial relief under Federal Rule of Civil Procedure 60(b). (ECF No. 44.) Upon reviewing the parties' briefing, the court finds that oral argument would not be of material assistance in resolving the motions, and therefore vacates the

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 9, 10, 13.)

1

December 5, 2013 hearing and submits the motions on the record and briefs on file pursuant to Local Rule 230(g).

After careful consideration of the parties' briefing and the applicable law, and for the reasons discussed below, the court denies plaintiff's counsel's motion for aid in execution of the court's prior order and the imposition of sanctions against the Commissioner. The court also grants the Commissioner's motion for clarification, or in the alternative, partial relief under Federal Rule of Civil Procedure 60(b).

BACKGROUND

The facts and procedural history of this case were extensively outlined in the court's previous orders (see, e.g., ECF Nos. 31, 39), and need not be exhaustively recounted here. Briefly stated, on November 5, 2010, the court granted plaintiff's motion for a remand pursuant to sentence six of 42 U.S.C. § 405(g). (ECF No. 31.) Following remand, on June 21, 2011, an administrative law judge ultimately issued a fully favorable decision, finding that plaintiff had been disabled as of August 1, 2005, as originally alleged. (See ECF No. 32-1.) Consistent with the fully favorable decision, this court entered judgment for plaintiff on June 29, 2012. (ECF Nos. 33, 34.)

Subsequently, on September 25, 2012, plaintiff's counsel filed a motion for attorneys' fees and costs under both the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b). (ECF No. 36.) On November 20, 2012, the court denied the request for fees and costs under the EAJA, finding that the Commissioner's position had been substantially justified. (ECF No. 39.) Furthermore, because plaintiff's counsel's request for fees under 42 U.S.C. § 406(b) was not adequately supported by appropriate documentation and briefing at the time, the court also denied that request, but without prejudice to plaintiff's counsel re-filing a properly supported request for such fees. (Id.)

Thereafter, on February 26, 2013, plaintiff's counsel filed a renewed motion for attorneys' fees under 42 U.S.C. § 406(b). (ECF No. 40.) On March 18, 2013, the court granted that motion, ordering that "[t]he Commissioner shall pay plaintiff's counsel in this case the sum of $8,631.87 in attorneys' fees under 42 U.S.C. § 406(b). The remainder withheld from the back benefits

1  awardable to plaintiff, including any auxiliary benefits, shall be disbursed to plaintiff." (ECF No.
2  42.) The court's order clearly contemplated that the withheld past-due benefits would be
3  sufficient to cover the fee award.
4  　　　　The instant motions followed.
5  DISCUSSION
6  　　　　Plaintiff's counsel argues that the Commissioner failed to comply with the court's order
7  awarding attorneys' fees under 42 U.S.C. § 406(b) in two ways: (1) by improperly deducting
8  processing fees from the attorneys' fees paid to plaintiff's counsel pursuant to the court's order;
9  and (2) by failing to pay plaintiff's counsel that portion of the court's section 406(b) fee award
10  that exceeds the past due benefits withheld by the Commissioner. Each contention is addressed
11  separately below.
12  　　　　Processing Fees
13  　　　　Title 42 U.S.C. § 406(a) allows for an award of fees for representation of a claimant
14  during the administrative proceedings before the Commissioner, whereas 42 U.S.C. § 406(b)
15  authorizes an award of fees for representation of a claimant before a court. Plaintiff's counsel
16  argues that the Commissioner improperly deducted processing fees or assessments from the
17  attorneys' fees paid to plaintiff's counsel pursuant to the court's order, because "the fee directed
18  by the Court was a 406b fee for which there is no reduction for processing such as there is for
19  direct payment of 406a fees." (ECF No. 43 at 4.) Plaintiff's counsel is mistaken.
20  　　　　Title 42 U.S.C. § 406(d)(1) provides that "[w]henever a fee for services is required to be
21  certified for payment to an attorney from a claimant's past-due benefits pursuant to subsection
22  (a)(4) or (b)(1) of this section, the Commissioner shall impose on the attorney an assessment
23  calculated in accordance with paragraph (2)." Furthermore, 42 U.S.C. § 406(d)(3) states that
24  "[t]he Commissioner may collect the assessment imposed on an attorney under paragraph (1) by
25  offset from the amount of the fee otherwise required by subsection (a)(4) or (b)(1) of this section
26  to be certified for payment to the attorney from a claimant's past-due benefits." Thus, the statute
27  makes clear that processing fees or assessments also apply to, and may be deducted from, direct
28  payments made to attorneys pursuant to section 406(b) fee awards.

Portion of Fee Award Exceeding Withheld Past-Due Benefits

Plaintiff's counsel also contends that the Commissioner impermissibly refuses to pay plaintiff's counsel the portion of the court's section 406(b) fee award exceeding the amount of past-due benefits that the Commissioner had withheld. Plaintiff's counsel essentially reasons that the court's order unambiguously awards him $8,631.87, that the Commissioner still owes him $1,785.70, and that the Commissioner's failure to pay the entire $8,631.87 is sanctionable.

The Commissioner explains its position as follows:

> The Commissioner understood the Court's Order to mean that she was required to pay the remainder of the twenty-five percent (25%) of Plaintiff's due benefits to attorney Weems, consistent with the Social Security Act (Act). The Act authorizes the Social Security Administration (SSA) to withhold a maximum of 25 percent from a claimant's past-due benefits and make those funds available to pay fees for the claimant's representation at the administrative and judicial levels. In this case, SSA paid the total of 25% of the Plaintiff's past due benefits ($12,895.00)[2] to Plaintiff's representatives for administrative level and court level representation pursuant to sections 406(a) and (b); SSA paid $5,341.33 to Plaintiff's administrative level representative, and $7,553.67 to his court-level attorney Weems.
>
> Accordingly, the Commissioner respectfully requests that the Court clarify the Order by explaining that SSA was required to pay the remainder of the 25% of Plaintiff's past due benefits to attorney Weems and that attorney Weems should look to Plaintiff for any amount that exceeds twenty-five percent. If the Court intended that SSA pay fees in excess of available funds, the Commissioner requests that the Court modify its order under Rule 60(b) of the Federal Rules of Civil Procedure, to provide that SSA was required to pay only the remainder of the 25% of Plaintiff's past due benefits to attorney Weems.

(ECF No. 44 at 3-4.) Stated differently, the Commissioner concedes that plaintiff's counsel is still entitled to $1,078.20 for section 406(b) fees (the difference between the $8,631.87 awarded

---

[2] Plaintiff's past-due benefits were at times recalculated to effectuate the various ALJ decisions in the case, and the history of these calculations are outlined in detail in the Declaration of Michael Rodo in support of the Commissioner's opposition to plaintiff's counsel's motion. (See Declaration of Michael Rodo, ECF No. 44-1 ["Rodo Decl."].) According to the Commissioner's final calculations, plaintiff and his child's past due benefits were $51,580.00. The amount of attorneys' fees to be withheld by the Commissioner from such past-due benefits was thus 25% of $51,580.00, which is $12,895.00. (Rodo Decl. ¶ 12.)

4

and the $7,553.67 already paid by the Commissioner from plaintiff's withheld past-due benefits towards attorneys' fees and the associated processing fees), but that plaintiff's counsel needs to look to his client for payment of such remaining fees.[3]

Although the court's prior order may conceivably be read literally as making the Commissioner liable for the entire amount of section 406(b) fees, that interpretation is not plausible when viewed in the context of the applicable law.

Title 42 U.S.C. § 406(a)(4), the provision addressing fees for representation of a claimant during the administrative proceedings, states that "if the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security *shall*…certify for payment out of such past-due benefits…to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits…." (emphasis added). In contrast to this mandatory language, 42 U.S.C. § 406(b)(1)(A), the provision addressing fees for representation of a claimant before a court, is permissive and provides that "whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner *may*…certify the amount of such fee for payment to such attorney *out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.*" (emphasis added). In light of this statutory framework, the Commissioner has established a general policy of withholding a maximum of 25% of past-due benefits for direct payment of fees authorized by the Commissioner under section 406(a), a court under section

---

[3] As noted above, plaintiff's counsel's motion actually claims that the Commissioner still owes him $1,785.70. However, that amount appears to include recovery of the properly-assessed processing fees. Furthermore, since the filing of plaintiff's counsel's motion, the Commissioner corrected a previous withholding mistake for plaintiff's child's benefits and paid plaintiff's counsel an additional $668.50, waiving any processing fee. (Rodo Decl. ¶¶ 20-21.) As such, the Commissioner correctly contends that plaintiff's counsel remains entitled to $1,078.20 for section 406(b) fees.

5

406(b), or both.  HALLEX I-1-2-9, I-1-2-71; POMS GN 03920.060.[4]

In this framework, withheld past-due benefits may sometimes be insufficient to pay all awarded attorneys' fees.  The Ninth Circuit Court of Appeals has held that courts may award up to 25 percent of past-due benefits in attorneys' fees for representation before the courts under 42 U.S.C. § 406(b), regardless of fees already authorized for representation before the Commissioner under 42 U.S.C. § 406(a).  Clark v. Astrue, 529 F.3d 1211, 1215, 1218 (9th Cir. 2008).  Thus, the combined fees awarded under sections 406(a) and 406(b) may exceed 25% of a claimant's past-due benefits.  As such, the amount of fees that may be awarded to plaintiff's counsel and the amount that the Commissioner withholds and pays directly to plaintiff's counsel are two independent calculations.  Even though an attorney may be awarded a combined fee under sections 406(a) and 406(b) that exceeds 25 percent of a claimant's past-due benefits, the Commissioner only *withholds* 25 percent of past-due benefits for direct payment to the attorney and may not be required to pay any additional fees to counsel.  See 42 U.S.C. §§ 406(a)(4), (b)(1)(A).  Accordingly, if the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, the claimant's counsel must recover the difference from the claimant.

This scheme was expressly recognized by the Tenth Circuit Court of Appeals:

> In order to protect an attorney from non-payment at the agency and/or court level, the Commissioner may withhold up to 25% of the past-due benefits awarded to pay directly to the attorney.  *See* 42 U.S.C. § 406(a)(4), (b)(1)(A).  If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.  At that point the attorney stands on the same level as other judgment creditors in attempting to collect.  *See generally Tom v. First. Am. Credit Union*, 151 F.3d 1289, 1291-93 (10th Cir. 1998) (Congress chose to protect Social Security beneficiaries from creditors who

---

[4] HALLEX is the Commissioner's Hearings, Appeals, and Litigation Law Manual, which the Ninth Circuit has described as "strictly an internal Agency manual, with no binding legal effect on the Administration or this court...Nevertheless, as an Agency manual, HALLEX is 'entitled to respect' under *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), to the extent that it has the 'power to persuade.'  *See Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)."  Clark v. Astrue, 529 F.3d 1211, 1216 (9th Cir. 2008). Similarly, the POMS is the Commissioner's Program Operations Manual System.

> utilized the judicial system and creditors who devised their own extra-judicial methods of collecting debts); 42 U.S.C. § 407(a) (disability insurance benefits are not transferable or assignable nor are they subject to execution, levy, attachment, garnishment or other legal process).

Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933-34 (10th Cir. 2008). The Ninth Circuit, which specifically cited Wrenn with approval in Clark, likewise noted the distinction between a fee award and the Commissioner's withholding/direct payment obligations:

> Under 406(a), the Secretary first makes a determination of a "reasonable" fee to compensate the attorney. In addition to this, the Secretary is required to withhold up to 25% of the total amount of past-due benefits and pay that amount directly to the attorney. The two calculations are independent of one another. The attorney is free to then attempt to collect the difference between the 25% paid directly to him and the "reasonable" amount authorized by the Secretary.

Clark, 529 F.3d at 1218. Although the Ninth Circuit in Clark was specifically addressing section 406(a) in that section of the opinion, there is no reason to believe that the same principles would not apply to section 406(b). Indeed, although the Commissioner's policies allow the Commissioner, consistent with the statutory framework, to withhold and directly pay up to 25% of past-due benefits for section 406(a) and 406(b) fees, the express statutory language for section 406(b) is permissive and seemingly does not even require the Commissioner to withhold and directly pay 406(b) fees to the claimant's attorney. 42 U.S.C. § 406(b)(1)(A). Moreover, the Commissioner is not permitted to pay the claimant's counsel any fees in addition to the past-due benefits. Id.

In conclusion, it was not the court's intention to order the Commissioner to directly pay plaintiff's counsel any section 406(b) fees awarded in excess of the withheld past-due benefits, nor does the court have the statutory authority to do so. Plaintiff's counsel must look to plaintiff for the recovery of such excess fees.[5] To the extent that the court's prior order awarding section

---

[5] The Commissioner also apprised the court that plaintiff died on or about October 26, 2013. (ECF No. 44-6.) Thus, any recovery by plaintiff's counsel may potentially be in some other separate proceeding(s) against plaintiff's estate. Nevertheless, the court finds that substitution for plaintiff in this action under Federal Rule of Civil Procedure 25 is not required, because no live controversy remains in this action between plaintiff/plaintiff's estate and the Commissioner.

406(b) fees requires clarification to that effect, the court modifies that order pursuant to Federal Rule of Civil Procedure 60(b)[6] to more accurately reflect the Commissioner's obligations. Furthermore, in light of the above discussion, plaintiff's counsel's request for sanctions against the Commissioner is moot.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The December 5, 2013 hearing is VACATED.

2. Plaintiff's motion for aid in execution of the court's prior order awarding attorneys' fees under 42 U.S.C. § 406(b) and for sanctions against the Commissioner (ECF No. 43) is DENIED.

3. The Commissioner's motion for clarification of the court's prior order awarding fees, or in the alternative, for partial relief under Federal Rule of Civil Procedure 60(b) (ECF No. 44) is GRANTED.

4. The court's prior March 18, 2013 order awarding attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 42) is clarified and amended pursuant to Federal Rule of Civil Procedure 60(b) by substituting the following provision for the language that presently appears on the second bullet point in the Conclusion section (ECF No. 42 at 6), so as to read: "Plaintiff's counsel is awarded the sum of $8,631.87 in attorneys' fees under 42 U.S.C. § 406(b), which shall be paid by the Commissioner directly to plaintiff's counsel only to the extent that the withheld 25% of plaintiff's past-due benefits are available and unexhausted."

IT IS SO ORDERED.

Dated: November 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[6] Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…or (6) any other reason that justifies relief." In this case, the Commissioner has moved for relief under Rule 60(b) within a reasonable time and within one year of the entry of the court's March 18, 2013 order.